IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE A. REID, JR., : | No. 1:24cv2101 |
|           Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| : | (Magistrate Judge Arbuckle) |
| PORTFOLIO RECOVERY : | |
| ASSOCIATES, LLC.; : | |
| MICHAEL J. DOUGHERTY; : | |
| WELTMAN WEIBERT & : | |
| REIS CO.; LAUREN : | |
| BURNETTER; MESSER : | |
| STRICKLER BURNETTER, LTD; : | |
| and THOMAS L. HARTEIS, : | |
|           Defendants : | |

## MEMORANDUM

Before the court for disposition is a document filed by Plaintiff Dwayne A. Reid, Jr., which he has entitled "PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF pursuant to rule 56 F.R.C.P..[sic]" For the following reasons, the motion will be denied.

**Background**

Although the plaintiff's *pro se* complaint is not a model of clarity or coherency, it appears that he attempts to bring suit pursuant to the Fair Debt Collections Practices Act, ("FDCPA") 15 U.S.C. §§ 1692-1692(p). Evidently, plaintiff owed a debt to one company which assigned the debt to another company for collections purposes. (Doc. 1, Compl. ¶ 2). Ultimately, a case was

brought against the plaintiff in a York County, Pennsylvania Magisterial District Court regarding the debt.[1]

Plaintiff seems to allege that the defendants'[2] actions related to the debt, including the filing of the state court collection action, violate the FDCPA, breached a contract, and caused him to suffer emotional distress. (Doc. 1, Compl.) Plaintiff seeks ten (10) million dollars from the defendants for their alleged violations of the law.[3]

On January 10, 2025, plaintiff filed the instant motion for preliminary and permanent injunctive relief. (Doc. 4). Plaintiff seeks to enjoin Defendants Portfolio Recovery Associates, LLC, Lauren M. Burnett, Esq., and Thomas L. Harteis, from proceeding with a hearing of some sort scheduled for January 23, 2025 in the Pennsylvania Magisterial District Court.

**Jurisdiction**

As plaintiff sues pursuant to the FDCPA, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

---

[1] In a related matter, plaintiff removed this Magisterial District Court case to the United States District Court. See M.D.Pa. Dckt. No. 1:24cv1683. The Clerk of Court assigned this case to the Honorable Jennifer P. Wilson and Chief Magistrate Judge Daryl F. Bloom who has recommended that Judge Wilson remand the action to the state. The Clerk of Court assigned the instant case to the undersigned on January 13, 2025.
[2] Although not entirely clear, it appears the defendants are the companies involved with the debt and their attorneys.
[3] Statutory damages under the FDCPA are capped at $1,000.00. 15 U.S.C. § 1692k(a).

2

the United States."). The court has supplemental jurisdiction over the plaintiff's state law breach of contract and intentional infliction of emotional distress claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Plaintiff seeks a preliminary / permanent injunction pursuant to Federal Rule of Civil Procedure 65. A permanent injunction may be imposed at the conclusion of a case as final relief. The procedural posture of this case - the docket does not even indicate whether the complaint has yet been served - makes the entry of a permanent injunction completely inappropriate. The request for a permanent injunction thus will be denied. The court will review the case to determine if a preliminary injunction should be granted.

Federal Rule of Civil Procedure 65 provides that the court may issue preliminary injunctions. The Third Circuit Court of Appeals has explained that to obtain such injunctive relief the plaintiff must demonstrate: 1) likelihood of success on the merits; 2) the movant will be irreparably injured by denial of the relief; 3) granting preliminary relief will result in even greater harm to the nonmoving party; and 4) granting preliminary relief will be in the public interest. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). The first two factors are considered the "most critical" and they must be met before the

court will consider the final two factors. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017).

The court will perform the required analysis while bearing in mind that courts hold *pro se* complaints to a less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**Discussion**

Here, Plaintiff has not established the elements necessary for injunctive relief. In fact, the remedy he seeks does not fit into the elements needed for a preliminary injunction. Ultimately, plaintiff seeks to hold the defendants liable for a violation of the FDCPA. The FDCPA protects consumers from abusive debt collection practices, and it provides for monetary damages. The current preliminary injunction motion, however, seeks to enjoin a state court hearing. Plaintiff has cited to nothing in the FDCPA which provides this court with the authority to interfere with an ongoing state court proceeding. Our review of the FDCPA reveals no such grant of authority.[4] Accordingly, there is no likelihood of success on the merits regarding the relief sought in the current motion.

---

[4] Plaintiff also asserts state law causes of action for breach of contract and intentional infliction of emotional distress. These claims are barely developed in plaintiff's filings, and plaintiff has cited to no authority that these common law torts allow this court to interfere in the state proceeding.

4

The second factor in determining whether to grant a preliminary injunction is whether the movant will be irreparably injured by the denial of relief. <u>Allegheny Energy, Inc.</u>, 171 F.3d at 158. Here, plaintiff will not be. If the defendants are in fact utilizing unfair debt collection practices, any injury will not be irreparable. The FDCPA provides the remedy for such practices in this court whether the underlying state court proceeding occurs as scheduled or not.

Plaintiff has not established the first two factors of the preliminary injunction analysis. The court need not address the final two factors. <u>Reilly</u>, 858 F.3d at 179. Denial of the plaintiff's motion is appropriate.

Moreover, the court has no authority to enter a preliminary injunction unless the non-moving party has been notified. FED. R. CIV. P. 65. Here nothing on the docket indicates that the defendants have been notified, and they have certainly not filed anything regarding the motion.

**Conclusion**

Accordingly, plaintiff's motion for injunctive relief will be denied and this case will be remanded to Magistrate Judge William I. Arbuckle for further proceedings.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

1/14/25

5