**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWAYNE REID,** | : | **Civ. No. 1:24-CV-2101** |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PORTFOLIO RECOVERY ASSOOCAITES, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

This case was referred to the undersigned on July 29, 2026. Upon review, we note that the *pro se* plaintiff has filed a spate of motions to strike. (Docs. 15, 19, 27, 36, 37, 44). In these motions Reid seeks to strike various orders and pleadings. Likewise, Reid's motions to strike inspired the defendants to file their own motions to strike. (Docs. 29 and 34). Thus, a total of eight pleadings on this docket—one out of every six filings—consists of a motion to strike some other order or pleading. In our view Reid's highly energetic use of motions to strike misapprehends the purpose behind such motions.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil ' 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice ' 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, the pleadings and orders that Reid seeks to strike are neither redundant, immaterial, impertinent, nor scandalous. Rather, they are entirely appropriate and entitled to consideration on their merits. Accordingly, in the exercise of our discretion these motions to strike ((Docs. 15, 19, 27, 36, 37, 44) are DENIED. We will by separate orders address the defense motions to strike.

SO ORDERED, this 7th day of August 2026.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge