**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWAYNE REID,** | : | **Civ. No. 1:24-CV-2101** |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PORTFOLIO RECOVERY ASSOOCAITES, LLC, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

This case was referred to the undersigned on July 29, 2026. Upon review, we note that the *pro se* plaintiff has filed a motion to alter judgment, which seeks without further specification to alter any orders which may adversely affect his case. (Doc. 30).

This motion will be DENIED. The legal standards that govern such motions which call upon us to reconsider prior rulings are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, it is well settled that:

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an

> intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). See Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Reid's motion, (Doc. 30), fails to meet this exacting burden of proof and persuasion. Reid has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court previously ruled; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, Reid has not articulated grounds justifying reconsideration of the court's prior rulings. Accordingly, this motion to alter judgment, (Doc. 30), is DENIED.

SO ORDERED, this 7th day of August 2026.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge