**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWAYNE REID,** | : | **Civ. No. 1:24-CV-2101** |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PORTFOLIO RECOVERY ASSOOCAITES, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

## I. Background

This case was referred to the undersigned on July 29, 2026. In his complaint the *pro se* plaintiff, Dwayne Reid, appears to be attempting to assert claims of breach of contract, civil rights violations, and violations of the Fair Debt Collection Practices Act. (FDCPA). Upon review, we noted that there were a spate of collateral motions pending in this case including numerous motions to strike pleadings and orders. In an attempt to create order out of this somewhat chaotic record we entered a series of what Reid has aptly described as administrative orders, addressing the pending motions, allowing Reid leave to amend his complaint, and setting a schedule for addressing

threshold questions relating to the legal sufficiency of Reid's complaint. (Docs. 52-57).

Reid then filed a motion to reconsider these orders. (Doc. 59). While Reid's motion demanded a great dealer from the reader, it appeared that Reid's request to vacate these orders rested on two notions, neither of which withstood legal scrutiny. First, Reid seemed to believe that we may not enter these orders without first addressing a pending motion he has filed seeking entry of default judgments and other relief. Second, Reid suggested that these orders were somehow void because we lack the authority to enter orders in this litigation despite the district court's referral of this case to us.

In our view both of these propositions were incorrect. Therefore, we denied Reid's motion. (Doc. 62). This ruling, in turn, inspired Reid to file what the plaintiff calls a mandatory motion for our disqualification. (Doc. 64). It is evident that this motion to recuse rests upon Reid's vehement disagreement with our prior orders. However, as discussed below, a party's disagreement or disappointment with judicial rulings or anticipated decisions, are not grounds for recusal. Therefore, this motion to recuse (Doc. 64) is DENIED.

## II. Discussion

The legal standards which govern recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> > (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> >
> > (b) He shall also disqualify himself in the following circumstances:
> >
> > (1) Where he has a personal bias or prejudice concerning a party....
> >
> > Id.
>
> Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As we have observed:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
> > [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.
>
> Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool

designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

In order to ensure that recusal requests do not become last-minute devices used by expedient parties to attempt to avoid outcomes mandated by law, it is clear that a party's use of invective toward the court, or disparagement of the court, cannot create recusal grounds since:

> There is a "well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him." United States v. Evans, 262 F.Supp.2d 1292, 1296 (D.Utah 2003) (quoting United States v. Helmsley, 760 F.Supp. 338, 342-43 (S.D.N.Y.1991)). In other words, a litigant cannot unilaterally create the grounds for recusal. See In re Mann, 229 F.3d 657, 658-59 (7th Cir.2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification). As [one court] has observed: "A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex propio vigore,* create a cloud on her impartiality." In re United States, 158 F.3d at 35.

Conklin, 476 F.Supp.2d at 464.

Judged against these legal standards, we must decline the plaintiff's motion that we recuse ourselves from this case. In this case, the plaintiff's motion demanding our recusal plainly rest upon his subjective sense of disappointment regarding the court's recent rulings on various matters. While we appreciate that the role of the judge, and the task of deciding, entails the risk of disappointment for some litigants, that disappointment with legal rulings simply does not translate into grounds for recusal. Quite the contrary, as the court of appeals has repeatedly observed, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Accordingly, we conclude our legal analysis of this recusal motion by reminding the plaintiff that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'" Conklin, 476 F.Supp.2d at 463. Guided by this basic truth, the recusal motion will be denied.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATE: August 26, 2026